Turley, J.
delivered the opinion of the court.
Complainants are judgment creditors of Hiram S. Morgan, John Morgan, and Charles H. Alexander, against whom executions have been returned nulla bona.
Hiram S. Morgan, John H. Morgan and Charles H. Alexander, were traders under the style of H. S. Morgan & Co. John H. Morgan was also a member of another firm, known by the name and style of Morgan & Hayden. Both these firms were largely indebted to the firm of N. & J. Dick & Co., Commission Merchants of New Orleans. To secure these debts, John H. Morgan, of the firm of Hiram S. Morgan & Co., on the 1st •day of November, 1837, conveyed by deed of trust of that date, certain specific property, not necessary to be mentioned, to V. P. Winchester and James T. Leath. Hiram S. Morgan also on the same day conveyed by deed certain other property to the same trustees, and upon the same trust. On the same day Hiram S. Morgan, John H. Morgan and Charles H. Alexander, composing the firm of Hiram S. Morgan & Co., executed their joint deed of trust, by which they conveyed other property, effects of the firm, to secure the same debts, a considerable portion of which, some $19,000, was due from Morgan & Hayden, and for which it does not appear that the firm of Hiram' S. Morgan & Co. was responsible until the execution of the deed of trust.
The execution of these deeds of trust is supported by a good and valid consideration, to wit, the previous indebtedness to the firm of N. & J. Dick & Co., and an extension of time by contract for its payment. There is no pretence that there is any actual fraud in the transaction; the time of extension is not unreasonable, and the amount of property secured is not equal to the amount of indebtedness. But it is contended, that the deed of trust executed by the firm of H. S. Morgan & Co. is void as against his creditors, becouse it is made to secure in part a large amount of debt, for which it does not appear to have been responsible — that being indebted at the time to insolvency, it is a fraud upon such creditors, to have so appropriated its effects. And the only question necessary for in *626 vestigation is, whether such be the legal construction of the deed.
Wc do not think it is. We can recognize no difference between firms and individuals as to the power or right to bind themselves by contracts, legally made. That a firm has the power to bind itself by contract for the payment of the debt of another, has not been, and cannot be controverted. If it may do this, surely it may also do any thing else to secure an execution of the contract. It may confess a judgment upon it, which will be a lien upon the real estate of the firm, and upon which an execution may issue, which will be a lien upon its personal effects, and take the property against all who have not a superior lien, whether they be creditors of the firm collectively or of its individual members. If a firm may bind itself by contract for the debts of another, and have its effects secured and appropriated for its payment, why may it not at once secure the- debt, by a mortgage or trust on the property, doing that directly which the law would do indirectly? For no reason, that we can comprehend. Is it to be said that an individual in debt shall not be allowed to become bound as security for another, because perchance his own creditors may be injured? Surely not. And yet to this we must come, were wc to hold, as is contended for by the complainants; because it will not do to put it upon the ground of his being insolvent, or on the verge of insolvency, at the time he becomes so bound, This avoids voluntary conveyances, that is, conveyances unsupported by a valuable consideration. But a contract of sur-etyship for the debt of another then created, or upon which, in consideration of such suretyship, the time has been extended, is supported by a valuable consideration, and not void as to his creditors, either by the common law or the statute of frauds. To avoid it then, must be to introduce a new principle, that a man’s own creditors are entitled to payment in preference to those created by his responsibility for others, and that they shall be postponed; and their liens, whether acquired by the judgment of the court or by deed of mortgage or trust, set aside in favor of such individual creditor, if he is otherwise to lose his debt. Then the principle will be, not that he was indebted *627 to the verge of insolvency at the time of the contract, but that he has beedme so since, and his own creditors must suffer unless they be relieved against his legal liabilities for others. There is no such refinement in the law, and there ought not to be, unless as matter of public policy, the right to become bound for another is to be entirely abolished. ■ Such a rule would go a great way to effect it. No. The law draws no distinction between a man’s creditors, whether they have become so upon contracts for his own benefit, or as surety for others. He is alike debtor in the one case and in the other,- and which ever creditor by superior vigilance secures his debt to the exclusion of the other, is protected by the law in the enjoyment of this advantage. The whole misapprehension in the case is based upon the idea, that the deed of trust executed by H. S. Morgan & Co. is voluntary. ■ This, as we have seen, is a mistake. It was made, in part, to secure a debt of Morgan & Hayden. If there had been no extension of time for the payment of this debt of Morgan & Hayden at the time the deed of trust was executed, then it would as to that debt, have been voluntary. For inasmuch as Hiram S. Morgan & Co. were not responsible for it, a promise to pay would not have been supported by a consideration.
But inasmuch as upon a contract for the extension of time to Morgan & Hayden, the firm of H. S. Morgan & Co. might have made itself a party to the debt, and responsible for its payment, as drawers or endorsers of promissory notes or bills of exchange made for that purpose, we see no reason for holding, that they may not effectuate the same intention by trustor mortgage upon its property. ■
We are, therefore, of opinion, that in this transaction there is no.fraud, cither legal or constructive, and we affirm the decree of the Chancellor,